# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00576-DMG-FFM | Date | February 12, 2020 |
|---|---|---|---|
| Title | *David Greenstein v. County of Los Angeles*, et al. | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

The Court has reviewed plaintiff's complaint, filed on January 21, 2020. (Docket No. 1.) Plaintiff alleges that a Los Angeles County Superior Court ("LASC") judge (1) wrongfully declared plaintiff a vexatious litigant; (2) wrongfully restricted plaintiff from propounding discovery without the court's permission; and (3) wrongfully denied plaintiff's motion to have his name removed from California's list of vexatious litigants. (*Id.* at 3-5.) Plaintiff sues LASC and the County of Los Angeles ("COLA"). (*Id.* at 1-2.) He seeks (1) a declaration that his constitutional right of access to the courts was violated and (2) the removal of his name from California's vexatious litigants list. (*Id.* at 5.)

It appears that the Court lacks jurisdiction over plaintiff's claims. The *Rooker Feldman* doctrine "recognizes that 28 U.S.C. § 1331 . . . does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court] . . . ." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002). Thus, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

To determine whether the *Rooker Feldman* bar applies, a district court must determine whether the action constitutes a forbidden "*de facto* appeal" of a state court decision. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). A *de facto* appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00576-DMG-FFM | Date | February 12, 2020 |
|---|---|---|---|
| Title | *David Greenstein v. County of Los Angeles*, et al. | | |

a *state court*, and seeks relief from a state court judgment based on that decision. *Id.* In contrast, "if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an *adverse party*, *Rooker Feldman* does not bar jurisdiction." *Id.* (emphasis added; internal quotation marks omitted). Courts within the Ninth Circuit have therefore concluded that they lack subject matter jurisdiction over challenges to state court vexatious litigant orders. *See*, *e.g.*, *Bashkin v. Hickman*, 411 Fed.Appx. 998 (9th Cir. 2011); *Beste v. Lewin*, 488 B.R. 663, 672 (N.D. Cal. 2012).

Plaintiff's claims against LASC appear to be subject to dismissal on an additional ground. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). "[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency" for Eleventh Amendment purposes. *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.) (internal quotation marks omitted), *opinion amended on denial of reh'g*, 127 F.3d 1135 (9th Cir. 1997).

The Court therefore ORDERS plaintiff to show cause in writing, within **14 days** of the date of this order, why this action should not be dismissed pursuant to (1) the *Rooker Feldman* doctrine; and (2) the Eleventh Amendment. **The Court informs plaintiff that if he does not timely respond in writing to this order or seek an extension, or if his timely response does not show why this action should proceed, the Court will recommend that this action be dismissed.**

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | | JM |